CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEX HENRY JIMENEZ, and JORGE ALFONSO FRANCO, on behalf of themselves, and others similarly situated, <br><br> Plaintiffs, <br><br> -against- <br><br> OYSHI TABLE CORP., *doing business as* TOASTIES, *and* MATTHEW AHN, *individually*, <br><br> Defendants. | Case No. 18 CV 7295 <br><br> COMPLAINT IN AN FLSA ACTION <br><br> ECF Case |

Plaintiffs, **Alex Henry Jimenez and Jorge Alfonso Franco** (collectively, "Plaintiffs"), on behalf of themselves and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against Defendants, Oyshi Table Corp., *doing business as* "Toasties", located at 924 Third Avenue, New York, NY 10022, or any other business entity doing business as Toasties, at 924 Third Avenue, New York, New York 10022, and Matthew Ahn, *individually*, (collectively, the "Defendants"), and state as follows:

## INTRODUCTION

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the

Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) misappropriated or improperly withheld tips; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day they worked a shift exceeding ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) misappropriated or improperly withheld tips; (6) prejudgment and post-judgment interest; and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiffs are adult residents of Queens County, New York.

6. Upon information and belief, Defendant, Oyshi Table Corp., is a domestic business corporation organized under the laws of the State of New York, doing business as "Toasties", a fast food restaurant with a principal place of business at 924 Third Avenue, New York, New York 10022.

7. Upon information and belief, individual Defendants, Matthew Ahn owns and operates multiple "Toasties" locations in the City of New York, borough of Manhattan, including the two (2) locations where both Plaintiffs worked.

8. Upon information and belief, Defendant, Matthew Ahn, is an owner, officer, director and/or managing agent of Toasties, whose address is unknown at this time, and who participated in the day-to-day operations of Toasties, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Toasties.

9. Toasties, at multiple locations, may be separate corporations, but engage in related activities, namely, they operate "Toasties" restaurants, which shared Plaintiffs and other similarly situated employees.

10. Plaintiffs and other similarly situated employees, worked at two (2) Toasties locations, and were paid by the same method, in cash.

11. When Toasties' on Lexington Avenue closed, Plaintiffs herein were transferred to the 924 Third Avenue location, by the individual defendant, Matthew Ahn.

12. Plaintiff, Alex Henry Jimenez, was employed by Toasties and the individual defendant, in New York County, New York, to work as a food preparer / kitchen helper, and delivery person, from in or around April 2016, through March 20, 2018.

13. Plaintiff, Jorge Alonso Franco, was employed by Toasties and the individual defendant, in New York County, New York, to work as a dishwasher and food

preparer / kitchen helper, catering helper and delivery person, from in or around 2010, through late May 2018.

14. At all relevant times, Toasties was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all relevant times, the work performed by Plaintiffs was directly essential to the restaurant business operated by Toasties.

16. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned wages / minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

17. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

18. Defendants knowingly and willfully misappropriated and/or withheld a portion of Plaintiffs' tips in contravention of federal and New York State law.

19. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

20. In or around April 25, 2016, Plaintiff, Alex Henry Jimenez, was hired by Defendants to work as a kitchen helper, delivery person and food preparation assistant at Defendants' fast food restaurant known as "Toasties" located on Lexington Avenue and in early 2018, he was transferred to 924 Third Avenue, New York, New York 10022.

21. Plaintiff, Alex Henry Jimenez, worked for the Defendants until on or about April 18, 2018, with the exception of approximately two (2) months in February and March 2018, when he was not working.

22. In addition to performing deliveries, Plaintiff Alex Henry Jimenez was tasked with cleaning, stocking, cooking and preparing food products to be cooked, and washing dishes, on a daily basis.

23. During Plaintiff Alex Henry Jimenez' employment by Defendants, he worked over forty (40) hours per week. Plaintiff generally worked five (5) days a week, and his work shift was 10:30 a.m. to 8:30 p.m. (ten (10) hours per day).

24. Plaintiff Alex Henry Jimenez was paid $8.65 per hour and the employer deducted for a lunch break, which he was not allowed to take.

25. Defendants withheld Plaintiff Alex Henry Jimenez' tips, sometimes by as much as fifty percent (50%).

26. In or around 2010, Plaintiff, Jorge Alfonso Franco, was hired by Defendants to work as a kitchen helper, delivery person and food preparation assistant at Defendants' fast food restaurant known as "Toasties" located on Lexington Avenue and in early 2018, he was transferred to 924 Third Avenue, New York, New York 10022.

27. Plaintiff, Jorge Alfonso Franco, worked for the Defendants until late May 2018.

28. In addition to performing deliveries, Plaintiff Jorge Alfonso Franco was tasked with preparing food products to be cooked, making catering platters, and washing dishes, on a daily basis.

29. During Plaintiff Jorge Alfonso Franco's employment by Defendants, he worked over forty (40) hours per week. Plaintiff generally worked forty-three (43) to forty nine (49) hours per week, but was paid for less hours than he worked; and he was paid below minimum wage, and without overtime compensation.

30. Plaintiff Jorge Alfonso Franco was paid $8.65 per hour and the employer deducted for a lunch break, which he was not allowed to take.

31. Defendants withheld Plaintiff Alex Henry Jimenez' tips, sometimes by as much as fifty percent (50%).

32. Plaintiffs were paid without a wage statement detailing their hours and wages.

33. Both Plaintiffs' work performed above forty (40) hours per week was not paid at time and one-half their regular rate of pay, as required by state and federal law.

34. At all relevant times, Defendants knowingly and willfully operated their businesses with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs and other similarly situated employees for worked performed over forty (40) hours in a workweek.

35. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

36. Plaintiffs were not provided a wage statement.

37. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and other similarly situated employees.

38. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

39. Defendants knowingly and willfully operated their business with a policy of not paying New York State "spread of hours" premiums to Plaintiffs and other similarly situated employees.

40. Defendant, Matthew Ahn, is an individual who, upon information and belief, owns the stock of Toasties, owns Toasties, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

41. Defendant Matthew Ahn exercised control over the terms and conditions of Plaintiffs' employment in that he has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, and (v) create and maintain wage and hour records.

42. Defendant Matthew Ahn was present on the premises of both Toasties restaurants which employed Plaintiffs, on a daily basis, and actively supervised the work of the Plaintiffs.

43. The corporate defendant, is an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on

goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

44. Defendants failed to properly provide notice to Plaintiffs, that the Defendants were taking a "tip credit".

45. Defendants failed to keep proper records showing the amount of tips received each day and each week by Plaintiffs.

46. Defendants caused Plaintiffs to engage in non-tipped duties, which exceeded twenty percent (20%) of their work each day, including cutting / chopping vegetables and meats; washing dishes; cleaning the restaurant; stocking the refrigerators.

47. At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

48. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "47" of this Complaint as if fully set forth herein.

49. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

50. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

51. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

52. Plaintiffs worked hours for which they were not paid the statutory minimum wage.

53. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs for hours worked.

54. Plaintiffs were entitled to be paid at the rate of time and one-half the their regular rate of pay, for all hours worked in excess forty (40).

55. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

56. At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

57. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory minimum wage rate for all hours worked, and the statutory overtime rate of time and one-half, for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure Plaintiff.

58. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiffs, the Defendants have failed to make, keep

and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

59. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiffs in the possession and custody of the Defendants, are false.

60. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

61. Plaintiffs were never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit."

62. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

63. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

64. Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

65. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "64" of this Complaint as if fully set forth herein.

66. At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

67. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay minimum wages in the lawful amount for hours worked.

68. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek.

69. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiffs for each day they worked greater than ten (10) hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

70. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

### COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

71. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "70" of this Complaint as if fully set forth herein.

72. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

73. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work

covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

74. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the New York Labor Law.

75. Defendants failed to furnish Plaintiffs with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

76. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

77. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

78. Defendants failed to notify Plaintiffs of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

79. Plaintiffs were not provided a true and accurate wage statements as required by law.

80. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiffs, Alex Henry Jimenez and Jorge Alfonso Franco, on behalf of themselves and all similarly situated employees, respectfully request that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b) An award of unpaid minimum wages and overtime compensation due under the FLSA and New York Labor Law;

(c) An award of misappropriated tips under federal and state law;

(d) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of liquidated damages and statutory penalties as a result of Defendants' willful failure to pay minimum wages and overtime compensation, and notice requirements, pursuant to the New York Labor Law;

(f) An award of prejudgment and post-judgment interest;

(g) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(h) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
August 13, 2018

Respectfully submitted,

By: _____
Peter H. Cooper  (PHC 4714)
CILENTI & COOPER, PLLC
**Attorneys for Plaintiffs**
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile   (212) 209-7102
pcooper@jcpclaw.com

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Alex Jimenez__, am an employee currently or formerly employed by __Toasties__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
       July 11, 2018

*Alex H. Jimenez*

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, __Jorge A. Franco__, am an employee currently or formerly employed by __Toasties__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
        __July 11__, 2018

_[signature]_