# CILENTI & COOPER, PLLC
ATTORNEYS AT LAW
708 Third Avenue – 6th Floor
New York, New York 10017
___
Telephone (212) 209-3933
Facsimile (212) 209-7102

May 8, 2019

**REQUEST FOR APPROVAL OF
AN FLSA SETTLEMENT**

**BY ECF**

Hon. Andrew L. Carter, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

>  Re: *Franco and Jimenez v. Oyshi Table Corp. et al.*
>  <u>Case No. 18 Civ. 7295 (ALC)</u>

Dear Judge Carter,

We are counsel to the plaintiffs Alex Jimenez and Jorge Franco ("Plaintiffs") in the above-referenced wage and hour lawsuit. We submit this letter jointly with counsel for the defendants Oyshi Table Corp. and Matthew Ahn ("Oyshi") to obtain judicial approval of the enclosed settlement agreement negotiated between the parties.

## FACTUAL ALLEGATIONS

Plaintiffs—who were employed by Oyshi at its restaurant located at 924 3rd Avenue in New York City (the "3rd Avenue Restaurant") for a total of four and eleven weeks, respectively—alleged in pertinent part that Oyshi failed to fully pay them minimum wage and overtime pay in accordance with the FLSA and NYLL.

In response, Oyshi maintained that Plaintiffs were paid well-above the minimum wage and were properly paid for all overtime for which they worked during their brief period of employment. Oyshi further maintained that Plaintiffs received hundreds of dollars in tips each week and were routinely given extra money by Oyshi so they could maintain the bicycles they used to make food deliveries. These facts were corroborated by records maintained by Oyshi.

Separately, Plaintiffs alleged that they worked for individual defendant Matthew Ahn for a number of years at an unaffiliated restaurant located at 599 Lexington Avenue

in New York City (the "Lexington Avenue Restaurant") prior to their brief employment at the 3rd Avenue Restaurant and asserted similar wage and hour claims based on that alleged employment. However, Plaintiffs' own investigation and due diligence demonstrated that Mr. Ahn had no ownership or other indicia of employer during the time-period of Plaintiffs' prior employment at the Lexington Avenue Restaurant.

In light of the foregoing, Plaintiffs understood and acknowledged that their case would be difficult to prove, and therefore agreed to mediate to hopefully reach a fair and reasonable resolution. Oyshi understood and acknowledged that it would spend substantial amounts of money in legal fees even in the absence of liability, and therefore agreed to mediate to defray further legal costs.

On February 15, 2019, the parties met with court-appointed mediator Margaret McIntyre, Esq., a litigator with extensive experience in wage and hour lawsuits. After several hours of discussing issues of potential liability and possible exposure, the parties agreed to resolve all claims for $3,900.

## THE SETTLEMENT AGREEMENT

The proposed settlement represents a reasonable compromise of disputed issues and provides a fair resolution for Plaintiffs. The settlement agreement reached by the parties provides for Oyshi to pay $3,900 to resolve the case, apportioned $750 to Mr. Jimenez; $1,500 to Mr. Franco; and $1,650 to Cilenti & Cooper, PLLC (one-third of the settlement, plus a portion of cost of filing and service of the complaint). A copy of the parties' proposed settlement agreement is attached as Exhibit "A."

*Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) provides that stipulated dismissals settling FLSA claims with prejudice require the approval of a court or the Department of Labor. Typically, courts regard the adversarial nature of a litigated FLSA claim to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement. *Martinez v. Hilton Hotels Corp.*, 2013 WL 4427917 at *2 (SDNY August 20, 2013).

Courts in the Second Circuit consider the totality of the circumstances, including the following factors, when determining whether a proposed settlement is fair and reasonable:

(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arms-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332 (SDNY 2012).

The parties believe the settlement here is fair and reasonable under these factors.

I. Plaintiff's Range of Possible Recovery

Plaintiffs' counsel acknowledged that there were legal defenses and most problematic, the period of employment was four (4) weeks for Mr. Jimenez and less than three (3) months for Mr. Franco.

Plaintiffs' counsel reviewed Oyshi's payroll records which confirmed that Oyshi's potential damages exposure, if any, was *de minimus*. Any further litigation would have only caused the parties to incur unnecessary attorneys' fees and costs and would have made the case more difficult to resolve in the long run. As such, all parties benefited from early resolution.

II. Avoidance of Litigation Burdens and Expenses

The proposed settlement was reached during early court-sanctioned mediation and resolves bona fide disputes. Oyshi has payroll records for the period at issue, demonstrating substantial compliance with the wage and hour laws and implementing regulations.

The settlement reflects a reasonable compromise. Continuing to trial would consume significant resources (time and expense), but would be unlikely to result in a larger recovery to the Plaintiffs.

III. Plaintiffs' Litigation Risks

If the litigation were to proceed, Plaintiffs faced the possibility that their case would be dismissed or they would recover less than the present negotiated amount. The settlement contemplates immediate and just compensation without the risk of such litigation.

IV. Arm's Length Negotiations and Absence or Collusion

The parties' attorneys are competent and experienced in wage and hour matters. Settlement of the matter was the result of cooperation between counsel in the early exchange of payroll documents and other information bearing upon Plaintiffs' employment, hours, and calculations.

The parties conducted early negotiations and met in person with the court-appointed mediator on February 15, 2019. The parties' vigorous representation and negotiations performed in this matter, coordinated and moderated by the court-appointed mediator, informs this Court that there was no collusion or fraud, and that the settlement is the product of fair and reasonable negotiations.

IV. Attorneys' Fees

Plaintiff's counsel has used its expertise and experience in litigating this case and provided a satisfactory result to Plaintiffs. Pursuant to the retainer agreement between Plaintiffs and counsel, Plaintiffs' attorneys' fees are one third of the settlement, plus reimbursement of costs. Plaintiffs' counsel's disbursements in this matter total five hundred fifty dollars, which consist solely of filing fees and service of the complaint. "Absent incompetence, deception or overreaching, contingent fee agreements that are not void at the time of inception should be enforced as written." *In re Lawrence*, 24 N.Y. 3d 320, 339 (2014). Indeed, courts in the Second Circuit routinely approve this fee arrangement. See, e.g., Plizga v. Little Pol. Rest. Inc., 2016 US Dist. LEXIS 94859 at *16-17 (SDNY 2016); *Hyun v. Ippudo USA Holdings*, 2016 US Dist. LEXIS 39115 at *3 (SDNY 2016).

## CONCLUSION

For all of the foregoing reasons, the parties respectfully request that the settlement agreement be approved and that the Court dismiss the action with prejudice, reserving jurisdiction only to enforce the parties' settlement. A proposed stipulation and order dismissing the case is provided for the court's convenience.

We thank the court for its consideration of this matter.

Respectfully submitted,

/s/ Peter H. Cooper

Peter H. Cooper

/s/ Jared E. Blumetti

Jared E. Blumetti